# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| KENYA JORDAN, ) | |
| No. 262678, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:17-cv-00047 |
| ) | JUDGE CRENSHAW |
| v. ) | |
| ) | |
| DR. BRIAN BEATTY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **M E M O R A N D U M**

Plaintiff, an inmate of the Tennessee Prison for Women in Nashville, Tennessee, brings this *pro se, in forma pauperis* action against Dr. Brian Beatty and Summit Hospital, alleging claims of medical malpractice, negligence, and gross negligence. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I.     **PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court

1

in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**II.   Alleged Facts**

The complaint alleges that, on August 5, 2015, the Plaintiff underwent a hysterectomy performed by Dr. Brian Beatty at Summit Hospital in Nashville, Tennessee. According to the complaint, the Plaintiff experienced complications immediately upon returning home from her surgery, including excessive bladder leakage. The Plaintiff went to the emergency room, where a catheter was inserted to control the leak. The Plaintiff ultimately underwent a second surgery on

October 1, 2015, to correct a puncture to her fistula and to repair her urethra, problems that had not existed prior to her hysterectomy. The Plaintiff was under a doctor's care until December 1, 2015. (Doc. No. 1 at pp. 2-3).

**III.     Analysis**

Federal courts have jurisdiction to adjudicate claims involving a federal question, 28 U.S.C. § 1331, or claims involving parties with diversity of citizenship, 28 U.S.C. § 1332. The complaint does not allege any federal claims against either Defendant. It appears from the complaint that the Plaintiff was not incarcerated at the time of her surgery. The complaint states that jurisdiction is established in this case by way of "supplemental jurisdiction" pursuant to 28 U.S.C. § 1367.

However, in order for a federal court to exercise supplemental jurisdiction over a federal plaintiff's state law claims, the court must first have original jurisdiction pursuant to § 1367(a). There is no diversity jurisdiction alleged or federal question raised in the complaint (Doc. No. 1). Accordingly, the court finds that it lacks original subject matter jurisdiction to hear this case. The Plaintiff's claims therefore will be dismissed without prejudice to the Plaintiff's ability to refile in the appropriate venue. Should the Plaintiff refile her case in state court, she should consider the requirements of the Tennessee Medical Malpractice Act. See Clark v. Nashville General Hospital at Meharry, No. 3:14-cv-1048, at *3, n.5 (M.D. Tenn. June 6, 2014).

**IV.     Conclusion**

In reviewing the complaint pursuant to the PLRA, 28 U.S.C. §§ 1915(e)(2) and 1915A, it is apparent that this Court lacks subject matter jurisdiction to entertain the Plaintiff's state law claims of medical malpractice, negligence, and gross negligence. Therefore, the complaint will be dismissed without prejudice to the Plaintiff's ability to seek relief in the appropriate court.

3

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE